Vacated and remanded by unpublished opinion. Senior Judge HAMILTON wrote the opinion, in which Chief Judge TRAXLER joined. Judge WILKINSON wrote a separate opinion concurring specially.
Unpublished opinions are not binding precedent in this circuit.
HAMILTON, Senior Circuit Judge:
In an effort to curb identity theft, Congress enacted the Fair and Accurate Credit Transactions Act of 2003 (FACTA), thereby amending the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681-1681x, to provide that “no person that accepts credit cards or debit cards for the transaction of business shall [electronically] print more than the last 5 digits of the card number ... upon any receipt provided to the cardholder at the point of the sale or transaction.” 15 U.S.C. § 1681c(g)(l). This statutory provision is commonly known as FACTA’s truncation requirement. “Any person who willfully fails to comply with” FACTA’s truncation requirement “with respect to any consumer is liable to that consumer in an amount equal to the sum of ... any actual damages sustained by the consumer as a result of the failure or [statutory] damages of not less than $100 and not more than $1,000,” id. § 1681n(a)(l)(A), plus “such amount of punitive damages as the court may allow,” id. § 1681n(a)(2), and, “in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney’s fees as determined by the court,” id. § 1681n(a)(3).[1]
In this interlocutory appeal, plaintiff-appellants Patrick Stillmock, Jeanne Still-mock, Jenny Barnstein, and Leonid Opacic (collectively Plaintiffs) challenge the district court’s denial of their motion for class action certification on behalf of themselves and all other customers of retail stores owned and operated by Weis Markets, Inc. (Weis Markets), which customers received credit card and debit card receipts printed in violation of FACTA’s truncation requirement.[2] The putative class expressly excluded customers of Weis Markets’ *269 stores who suffered actual damages due to identity theft and any persons who had ever been executives of Weis Markets. For reasons that follow, we vacate the district court’s denial of Plaintiffs’ motion for class certification and remand for further proceedings.[3]
I.
Federal Rule of Civil Procedure 23 “states that ‘[a] class action may be maintained’ if two conditions are met: The suit must satisfy the criteria set forth in subdivision (a) (ie., numerousity, commonality, typicality, and adequacy of representation), and it also must fit into one of the three categories described in subdivision (b).” Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., — U.S. -, 130 S.Ct. 1431, 1437, 176 L.Ed.2d 311 (2010) (quoting Fed.R.Civ.P. 23). The only category described in subdivision (b) at issue in the present appeal is subdivision (b)(3), which is satisfied if “the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.” Fed. R.Civ.P. 23(b)(3). The same subdivision further provides:
The matters pertinent to these findings include:
(A) the class members’ interests in individually controlling the prosecution or defense of separate actions;
(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
(D) the likely difficulties in managing a class action.
Id. Notably, “ ‘[cjertification is only concerned with the commonality (not the apparent merit) of the claims and the existence of a sufficiently numerous group of persons who may assert those claims.’ ” Brown v. Nucor Corp., 576 F.3d 149, 152 (4th Cir.2009) (quoting Lilly v. Harris-Teeter Supermarket, 720 F.2d 326, 332-33 (4th Cir.1983)), cert. denied, Nucor Corp. v. Brown, — U.S. -, 130 S.Ct. 1720, 176 L.Ed.2d 185 (2010).
“When deciding a motion for class certification, a district court does not accept the plaintiffs allegations in the complaint as true; rather, an evidentiary hearing is typically held on the certification issue.” Monroe v. City of Charlottesville, Va., 579 F.3d 380, 384 (4th Cir.2009), cert. denied, — U.S. -, 130 S.Ct. 1740, 176 L.Ed.2d 214 (2010). Here, the district court accepted materials submitted by the parties in regard to Plaintiffs’ motion for class action certification and held an evi-dentiary hearing thereon. Unless otherwise specified, we rely upon the factual findings made by the district court in ruling on Plaintiffs’ motion for class certification in our analysis of the issues on appeal.
Patrick and Jeanne Stillmock, husband and wife, and Jenny Barnstein all reside in Maryland, while Leonid Opacic resides in Pennsylvania. Weis Markets is a Pennsylvania corporation, which owns and operates grocery stores throughout Maryland, Pennsylvania, New Jersey, West Virginia, and New York.
*270 Despite being enacted on December 3, 2003, FACTA gave merchants who accept credit cards and/or debit cards either one or three years to comply, depending upon when the “cash register or other machine or device that electronically prints receipts for credit card or debit card transactions” was first put to use. 15 U.S.C. § 1681c(g)(3). For purposes of considering Plaintiffs’ motion for class certification, the district court assumed January 1, 2005 constituted FACTA’s effective date with respect to Weis Markets. Based upon that assumption, the district court found that, starting no later than January 1, 2005, and continuing until about June 2007, Weis Markets provided to its customers, paying either by credit or debit card, receipts that had printed thereon a total of ten digits of their respective card numbers (the first six and the last four). The district court next found that “[w]hile the record does not permit a more precise estimate, it appears that at least a million of such receipts were provided to a hundred thousand or more individual customers.”[4] Stillmock, 2009 WL 595642 at *1. Notably, FCRA defines the term “consumer” as “an individual.” 15 U.S.C. § 1681a(c).
Plaintiffs’ motion for class certification proposed that the district court certify a class consisting of the following individuals:
“All persons in the United States to whom, or after the effective and applicable dates for FACTA compliance and continuing through resolution of this case, received from Defendant at any of its retail locations, an electronically printed receipt at the point of sale or transaction which contained more than the last five digits of the person’s credit or debit card number.”
Stillmock, 2009 WL 595642 at *1. In addition to persons who have ever been executives of Weis Markets, “[e]xcluded from the [putative] Class are those individuals who have suffered actual damages due to identity theft caused by Defendant’s FAC-TA violations.” Id. at *2.
The district court first held that Plaintiffs’ purported class action satisfied each of Rule 23(a)’s four criteria. Notably, Weis Markets does not argue on appeal that the district court erred in so holding. However, because the district court’s findings with respect to Rule 23(a)’s four criteria provide context for our discussion of the Rule 23(b)(3) issues on appeal, we take time to set forth such findings at this point.
The first criterion is satisfied if the putative class is “so numerous that joinder of all members is impracticable.” Fed. R.Civ.P. 23(a)(1). With respect to the first criterion, the district court found:
All the members of the proposed class — consisting of a substantial percentage of those persons who made at least one credit or debit card purchase at a Weis store during a period alleged to be almost 18 months — could not practicably be joined as party Plaintiffs herein.
Stillmock, 2009 WL 595642 at *2.
The second criterion is satisfied if there are “questions of law or fact common to the class.” Fed.R.Civ.P. 23(a)(2). With respect to the second criterion, the district court found:
There is no doubt that the claims of all the putative class members present *271 common questions of fact and law regarding Weis’ liability. At the heart of each class members’ claims are the undisputed fact that Weis failed to comply with Section 1681c(g) and the highly disputed question of whether Weis’ failure to comply was willful. While there may be some issues not common to all putative class members, for example whether a particular claimant was a “consumer” under the statute, there is no doubt that there are questions of law and fact pertinent to liability that are common to ... all members of the proposed class.
Stillmock, 2009 WL 595642 at *2 (footnotes omitted). Notably, the Supreme Court has interpreted the phrase “willfully fails to comply,” in the preamble sentence of 15 U.S.C. § 1681n(a), as reaching not only knowing violations of FCRA, but reckless ones as well, Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007), and has defined a reckless violation for purposes of § 1681n(a) as one “entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known,” id. at 68, 127 S.Ct. 2201 (internal quotation marks omitted).
The third criterion is satisfied if “the claims or defenses of the representative parties are typical of the claims or defenses of the class .... ” Fed.R.Civ.P. 23(a)(3). In finding this criterion satisfied, the district court credited Plaintiffs’ claims that each is a typical customer of Weis Markets and relied upon the fact that Weis Markets agreed that its pertinent intent was the same with respect to all receipts that it had issued in violation of FACTA’s truncation requirement.
The fourth criterion is satisfied if “the representative parties will fairly and adequately protect the interests of the class.” Fed.R.Civ.P. 23(a)(4). With respect to this fourth criterion, the district court found Plaintiffs and their counsel would fairly and adequately protect the interests of the putative class members, which members all have the same interest in establishing willfulness on the part of Weis Markets.
Turning to the district court’s Rule 23(b)(3) analysis, the district court first determined that although there would be an individualized question as to each putative class member’s status as a consumer, in view of the simplicity of the consumer status questions, it would assume the common question of Weis Markets’ willfulness predominated over the individualized questions of consumer status. 15 U.S.C. § 1681n(a)(l)(A). The district court next assumed “that Plaintiffs could propose methods satisfactorily to solve with the myriad of practical problems created by certifying the class that they seek.” Stillmock, 2009 WL 595642 at *4. In this regard, the district court “assume[d] that the requested class would include only ‘consumers’ who received violative receipts and would not have, or at least would agree not to claim, more than $100 in actual damages.” Id.
Interpreting FCRA’s provision concerning a defendant’s civil liability, in general, for willful noncompliance with a FCRA requirement,[5] see 15 U.S.C. § 1681n(a)(l)(A), the district court next rejected Plaintiffs’ contention that a jury could decide that every class member should receive the same amount of statutory damages by considering only matters pertaining to Weis Markets and common to each and every class member. According to the district court, “a jury could properly consider, in deciding the discretionary amount between $100 and $1,000 to award a given class member, the number of times that [a] class member was issued *272 a non-eompliant slip,” reasoning that a one-time customer who received a single noncompliant receipt should receive a lesser amount of statutory damages than a repetitive customer who received dozens of noncompliant receipts over an extended period of time. Stillmock, 2009 WL 595642 at *4. The district court applied the same reasoning in concluding that individualized factors could come into play in the jury’s award of punitive damages per class member.
The district court next held that “there would be a slight predominance of common questions” of liability over individualized questions of liability, given the relative complexity of the willfulness issue and the relative simplicity of the consumer status issue with respect to each putative class member.[6] Stillmock, 2009 WL 595642 at *5.
Nonetheless, the district court denied class certification on two grounds. First, the district court denied class certification on the ground that determining the quantum of damages with respect to each class member would be too individualized for class-wide treatment under Rule 23(b)(3). Second, the district court denied class certification on the ground that a class action as requested by Plaintiffs “would not be superior and, indeed, would be inferior to having the Plaintiffs herein proceed on their individual claims and, if they prevail, having them obtain whatever statutory and punitive damages might be awarded together with their costs, including reasonable legal fees.” Stillmock, 2009 WL 595642 at *6. In this regard, the district court continued:
Should these Plaintiffs prevail on their willfulness claim, other similarly situated Weis customers would have the opportunity to file their own actions — for many, if not most, in a court that may be more convenient for them than the District of Maryland. Moreover, it appears likely that Weis would be collaterally estopped from denying willfulness. See Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979).
Id. This appeal followed.
II.
On appeal, Plaintiffs challenge the district court’s denial of their motion for class action certification. We review a district court’s denial of class action certification for abuse of discretion, “recognizing, of course, that this discretion must be exercised within the framework of Rule 23.” Gunnells v. Healthplan Servs., Inc., 348 F.3d 417, 424 (4th Cir.2003) (internal quotation marks omitted).
A. Rule 23(b)(3)’s Commonality-Predominance Requirement.
Plaintiffs first contend that a consumer is entitled to statutory damages pursuant to 15 U.S.C. § 1681n(a)(l)(A) on a per violation basis, as opposed to a per consumer basis as implicitly held by the district court, and therefore, the district court’s concern that the quantum of statutory damages to be awarded with respect to each class member would be too individualized for class-wide treatment was unfounded. While we agree with the district court’s implicit holding that statutory damages under § 1681n(a)(l)(A) are to be awarded on a per consumer basis, we also agree with Plaintiffs that the district court erred in concluding that individual issues of damages would predominate over issues common to the class.
*273 Critically, Rule 23(b)(3)’s commonality-predominance test is qualitative rather than quantitative. Gunnells, 348 F.3d at 429. Thus, while courts have properly denied class certification where individual damages issues are especially complex or burdensome, see, e.g., Pastor v. State Farm Mut. Auto. Ins. Co., 487 F.3d 1042, 1047 (7th Cir.2007), where, as here, the qualitatively overarching issue by far is the liability issue of the defendant’s willfulness, and the purported class members were exposed to the same risk of harm every time the defendant violated the statute in the identical manner, the individual statutory damages issues are insufficient to defeat class certification under Rule 23(b)(3). See Murray v. GMAC Mortg. Corp., 434 F.3d 948, 953 (7th Cir.2006) (“Refusing to certify a class because the plaintiff decides not to make the sort of person-specific arguments that render class treatment infeasible would throw away the benefits of consolidated treatment. Unless a district court finds that personal injuries are large in relation to statutory damages, a representative plaintiff must be allowed to forego claims for compensatory damages in order to achieve class certification.”); Smilow v. Southwestern Bell Mobile Systems, Inc., 323 F.3d 32, 40 (1st Cir.2003) (“The individuation of damages in consumer class actions is rarely determinative under Rule 23(b)(3). Where ... common questions predominate regarding liability, then courts generally find the predominance requirement to be satisfied even if individual damages issues remain.”). Here, the putative class members were exposed to the identical risk of identity theft in the identical manner by the repeated identical conduct of the same defendant, and none suffered actual damages from identity theft. Under these circumstances, it strains credulity to conclude that the individual damages issues presented by the purported class which Plaintiffs seek to certify would be anything other than simple and straightforward. Pragmatically, the only substantive difference between putative class members for purposes of affixing the statutory damages figure within the statutory damages range of $100 to $1,000 or in awarding punitive damages is the number of receipts received by a single class member during the approximately eighteen months at issue. And indeed, this difference does not complicate matters very much at all given that the class can be broken down into subcategories based upon the number of violating receipts received per putative class member. In sum, we hold that common questions of law and fact predominate over the individual issues presented by Plaintiffs’ purported class action, thus satisfying Rule 23(b)(3)’s commonality-predominance test. See Klay v. Humana, Inc., 382 F.3d 1241, 1255 (11th Cir.2004) (“Common issues of fact and law predominate if they have a direct impact on every class member’s effort to establish liability and on every class member’s entitlement to in-junctive and monetary relief.”) (internal quotation marks and alteration marks omitted).
B. Rule 23(b)(3)’s Superiority Requirement.
We now turn to consider the district court’s ruling that Plaintiffs’ purported class action failed Rule 23(b)(3)’s second requirement, i.e., that the purported class action be superior to other available methods for the fair and efficient adjudication of the controversy. Plaintiffs challenge the district court’s superiority ruling on the basis that the district court impermissibly looked outside of Rule 23 to find the test-case method more to its liking, though not actually superior to the class action. Under the test-case method, if Plaintiffs win their individual claims against Weis *274 Markets in a non-class action, other similarly situated Weis Markets customers would have the opportunity to file their own individual actions against Weis Markets and assert offensive collateral estop-pel on the issues of liability and willfulness.
We agree with Plaintiffs that the district court erred in its superiority-of-method determination. As the well-respected treatise Federal Practice and Procedure explains the relevant considerations:
Although a determination of superiority necessarily depends greatly on the circumstances surrounding each case, some generalizations can be made about the kinds of factors the courts will consider in evaluating this portion of Rule 23(b)(3).
The rule requires the court to find that the objectives of the class-action procedure really will be achieved in the particular case. In determining whether the answer to this inquiry is to be affirmative, the court initially must consider what other procedures, if any, exist for disposing of the dispute before it. The court must compare the possible alternatives to determine whether Rule 23 is sufficiently effective to justify the expenditure of the judicial time and energy that is necessary to adjudicate a class action and to assume the risk of prejudice to the rights of those who are not directly before the court.
7AA Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1779 (3d ed.2005).
Here, the district court held that a test case by Plaintiffs and then future plaintiffs asserting offensive collateral estoppel with respect to liability issues was a superior litigation method to the class action method proposed by Plaintiffs. The totality of the district court’s analysis on this issue is as follows:
[T]he Court concludes that [a class action as requested by Plaintiffs] would not be superior and, indeed, would be inferior to having the Plaintiffs herein proceed on their individual claims and, if they prevail, having them obtain whatever statutory and punitive damages might be awarded together with their costs, including reasonable legal fees. Should these Plaintiffs prevail on their willfulness claim, other similarly situated Weis customers would have the opportunity to file their own actions — for many, if not most, in a court that may be more convenient for them than the District of Maryland. Moreover, it appears likely that Weis would be collaterally estopped from denying willfulness.
Stillmock, 2009 WL 595642 at *6.
Other than the inconvenience of the forum consideration, the district court’s analysis fails to explain why it believes the class action method is inferior to the test-case-with-future-individual-actions method. Apparently sensing the shallowness of the district court’s analysis, Weis Markets argues that the availability of attorney’s fees and punitive damages under FCRA makes individual lawsuits feasible.
Weis Markets’ argument is without merit. First, the low amount of statutory damages available means no big punitive damages award on the horizon, thus making an individual action unattractive from a plaintiffs perspective. Second, there is no reasoned basis to conclude that the fact that an individual plaintiff can recover attorney’s fees in addition to statutory damages of up to $1,000 will result in enforcement of FCRA by individual actions of a scale comparable to the potential enforcement by way of class action. See Bertulli v. Independent Ass’n of Continental Pilots, 242 F.3d 290, 299 (5th Cir.2001) (Rule 23(b)(3)’s superiority requirement was met by class of pilots bringing action under *275 Labor-Management Reporting and Disclosure Act (LMRDA) and Railway Labor Act alleging they suffered loss of seniority as result of restoration of seniority of 11 strike participants; any relief received by vast majority of class members would be primarily injunctive, feasibility of individual actions due to availability of attorney’s fees under LMRDA did not undercut conclusion that class device was superior, and, although some damages calculations might be burdensome, economies weighed in favor of class treatment); Tchoboian v. Parking Concepts, Inc., 2009 WL 2169883 at *9 (C.D.Cal. July 16, 2009) (“The Court is not convinced that the fact that an individual plaintiff can recover attorney’s fees in addition to statutory damages of up to $1,000 will result in enforcement of the FCRA by individual actions of a scale comparable to the potential enforcement by way of class action.”).
Other factors also cut definitively in favor of concluding that the class action which Plaintiffs propose is superior to individual cases. First, there is no indication in this case that class members would have a strong interest in individual litigation. Second, class certification promotes consistency of results, giving Weis Markets the benefit of finality and repose. Gunnells, 348 F.3d at 429 (in contrast to class action proceeding, individual actions make a defendant vulnerable to the asymmetry of collateral estoppel, thus, class certification promotes consistency of results, giving defendant benefit of finality and repose).
III.
In sum, we hold the grounds upon which the district court relied to deny class action certification in this case are untenable, and therefore, the district court abused its discretion in denying class certification on such grounds. See Murray, 434 F.3d at 954 (reversing denial of class certification in action for statutory damages under FCRA). Accordingly, we vacate and remand for further proceedings. Finally, while we express no opinion regarding Weis Markets’ additional arguments against class certification which the district court expressly did not address below, see Stillmock, 2009 WL 595642 at *6, we instruct the district court to consider them on remand in the first instance.[7] Singleton v. Wulff, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) (“It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.”).

VACATED AND REMANDED.

. FCRA also imposes liability for negligent violations of FACTA’s truncation requirement, 15 U.S.C. § 1681o(a), but such provision is not at issue in the present appeal.

. Originally, Patrick Stillmock and Jeanne Stillmock filed their own separate action seeking class action certification, Jenny Barn-stein filed her own seeking the same, as well did Leonid Opacic. The district court subsequently dismissed the actions filed by Jenny Barnstein and Leonid Opacic and added them as plaintiffs in the action filed by the Still-mocks. Stillmock v. Weis Markets, Inc., 2009 WL 595642 *1 (D.Md. March 5, 2009).

. On June 3, 2009, we granted Plaintiffs' petition for permission to file this interlocutory appeal.

. Weis Markets estimates that it printed 14,-578,600 FACTA violative receipts between December 4, 2006 and June 7, 2007 (the date on which Weis Markets adjusted all of its point-of-sale electronic receipt systems to print no more than the last four digits of a customer's credit or debit card number).

. Remember that FACTA’s truncation requirement is one of FCRA’s requirements.

. In order to invoke consumer status under FCRA, each putative class member would merely need to show that he or she was an "individual,” 15 U.S.C. § 1681a(c), as opposed to a partnership, corporation, etc., id., § 1681a(b).

. We also leave it to the district court's discretion whether to revisit Weis Markets’ argument that class treatment would not be manageable because Plaintiffs cannot send adequate notice to the purported class members. The district court appeared to assume without deciding that Plaintiffs could send adequate notice to purported class members. We express no opinion on this issue.